UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELECTROMAGNETIC TECHNOLOGIES INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CCOM and NICHOLAS KONTOSTATHIS, a/k/a NICK KONTOS, individually and as an officer of CCOM, <br><br> Defendants. | Civ. No. 13-3981 (CCC) <br><br> OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff Electromagnetic Technologies Industries, Inc. ("ETI" or "Plaintiff") for default judgment against Defendant Nicholas Kontostathis ("Defendant"),[1] pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 7.) Plaintiff filed the Complaint in this action on June 27, 2013. (ECF No. 1.) On November 5, 2013, Plaintiff filed an Affidavit of Service demonstrating service of the Summons and Complaint on Defendant in accordance with the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents (ECF No. 5.) See Fed. R. Civ. P. 4(f)(1). At the request of the Court, Plaintiff also filed a supplemental brief detailing how the Affidavit of Service

---

[1] This Court dismissed this action as to defendant CCOM on June 9, 2014, pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 13).

1

demonstrated compliance with Federal Rule of Civil Procedure 4(f). (ECF No. 15.) The time for Defendant to answer or otherwise respond to the Complaint has expired. See Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendant on February 7, 2014. Defendant has failed to appear and no opposition has been filed.

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, as Plaintiff is a Delaware corporation with its principal place of business in New Jersey and Defendant is a citizen of Greece, and the amount in controversy exceeds $75,000.00. (Compl. ¶¶ 2-5.) This Court has personal jurisdiction over Defendant based on Defendant's alleged fraudulent conduct within New Jersey. See Lebel v. Everglades Marina, Inc., 115 N.J. 317, 326, 558 A.2d 1252, 1256 (1989) ("Where a defendant knowingly sends into a state a false statement, intending that it should then be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state.") (internal quotations omitted).

Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

2

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit the entry of a default judgment. Plaintiff brings a cause of action for common law fraud against Defendant. The elements of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). The Plaintiff alleges that, at a meeting with ETI's president in Greece and in subsequent email correspondence to Plaintiff, Defendant knowingly and intentionally misrepresented that he was seeking a loan in the amount of 10.8 million Euro on behalf of Dimitrios Contominas ("Contominas"), in order to help Contominas acquire a film library for use on his television network, and that Contominas would repay the loan to Plaintiff by December 21, 2007. (Howard Decl. ¶¶ 4-5.) The loan was not repaid, despite multiple demands from Plaintiff. (Id. at ¶ 8.) Contominas later told Plaintiff that Defendant's representations in procuring the loan had been false; Contominas had no knowledge of any acquisition of film rights and had no knowledge that the funds he received from Defendant were intended as a loan from Plaintiff. (Id. at ¶ 9.) Plaintiff lost the amount of the loan as a result of reliance on Defendant's alleged misrepresentations. (Id. at ¶ 8.) Accepting the allegations in the Complaint as true, Plaintiff has made out a claim for fraud.

Further, given that Defendant has failed to appear or plead in this action, the Court finds no basis for Defendant to claim a meritorious defense. See Jackson Hewitt v. Gleason, No. 13-510, 2013 WL 6384650, at *2 (D.N.J. Dec. 6, 2013); cf. Emcasco, 834 F.2d at 72 (holding that district court was required to consider whether defendant's proffered answer raised meritorious defense). Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has

incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where Defendant has failed to respond, there is a presumption of culpability. See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper at this time.

The allegations in Plaintiff's Complaint regarding damages are not treated as true upon entry of a default judgment. Boards of Trustees of Operating Engineers Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., No. 06-1795, 2006 WL 3308578, at **3-4 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. (internal quotations omitted). In this case, Plaintiff has submitted a copy of the confirmation of its wire transfer to Contominas "on behalf of" Defendant in the amount of 10,842,615.01 Euro. (Howard Decl., Ex. 2.) Plaintiff has also submitted evidence that the exchange rate published by the Federal Reserve on December 21, 2007 was 1.436 U.S. dollars for 1 Euro. (Weinstein Decl., Ex. 3.) When multiplied by this exchange rate, Plaintiff's damages amount to $15,569,995.15, the amount requested by Plaintiff in Plaintiff's brief. (Pl.'s Br. 8, ECF No. 8.)[2]

---

[2] Although Plaintiff includes a request that the Court award "costs" in its Notice of Motion and in its Proposed Form of Order, nowhere does Plaintiff specify any amounts of counsel fees or costs incurred on this matter. Thus, the Court will reserve judgment on the amount of costs until Plaintiff provides sufficient documentation thereof.

For the reasons described herein, Plaintiff's motion for default judgment is hereby granted. Default judgment shall be entered, and Defendant shall be ordered to pay damages in the amount of $15,569,995.15. An appropriate Order accompanies this Opinion.

DATED: _June 22_, 2015

_____
**CLAIRE C. CECCHI, U.S.D.J.**